IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ISAAC BROOKS, D.B.A. TOTS ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1 10CV9999 |
| ) | |
| WHIRLPOOL CORPORATION, a ) | |
| Michigan Corporation, JANICE PAGE ) | |
| HOLLINGSWORTH and GARY ) | |
| HOLLINGSWORTH ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

*RECEIVED 10 MAY 20 AM 10:52 THOMAS M. GOULD CLERK, U.S. DISTRICT COURT W/D OF TN JACKSON*

## AMENDED COMPLAINT

Comes now the Plaintiff, and respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiff to Amend complaint filed April 26, 2010, Plaintiff, Isaac Brooks, d.b.a. TOTS alleges and state the following Complaint against Defendants, Whirlpool Corporation, Janice Page Hollingsworth and Gary Hollingsworth (hereinafter referred to collectively as "Defendants").

## PARTIES

1. Plaintiff, Isaac Brooks, is an individual d.b.a. TOTS with its principal place of business at 107 Southwind, Jackson, Tennessee.

2. Defendant Whirlpool Corporation is a Michigan corporation with its principal place of business at **North American Appliance Group, Administrative Center, 2000 M63, Benton Harbor, MI 49022-2692**.

3. Defendant Janice Page Hollingsworth is an individual who resides at **28 Winchester Cove, Jackson Tennessee 38305** and upon belief Janice Page Hollingsworth and Gary Hollingsworth are husband and wife.

4. Defendant, Gary Hollingsworth is an individual who resides at **28 Winchester Cove, Jackson Tennessee 38305**.

## JURISDICTION

5. This action is brought under the federal Racketeer Influenced and Corrupt Organization ("RICO") statute. 18 U.S.C. 1962 & 1961 et seq., and various other Tennessee statutes and common law doctrine, Jurisdiction is vested in this Court by virtue of 28 U.S.C. $ 1331.

6. Because claims brought under Tennessee law are so related to Isaac Brooks d.b.a. TOTS federal claims, over which the Court has original jurisdiction, that they form part of the same or controversy under Article III of the United States Constitution, the Court also has jurisdiction over Isaac Brooks, d.b.a. TOTS, Tennessee common law and statutory claims pursuant to 28 U.S.C. & 1367.

7. A substantial part of the events and omissions giving rise to the claims stated herein occurred in this District and all defendants are subject to the personal jurisdiction of this judicial district. Venue is proper in this District and Division pursuant to 28 U.S.C. $$ 1391 and to 18 U.S.C. $ 19654(b).

## INTRODUCTORY ALLEGATIONS

8. Isaac Brooks, d.b.a. TOTS, began doing business in 1993 and thereafter became a supplier of Maytag Corporation. At said time, Janice Page Hollingsworth was Maytag's Human Resource Manager with the responsibility for Isaac Brooks's relationship with Maytag.

9. Upon information and belief, in or before 2004-2006 Whirlpool Corporation, purchased Maytag Corporation.

10. Throughout the history of said business relationship, Janice Page Hollingsworth made statements to Isaac Brooks demanding kickbacks, and other monetary enumerations.

11. Janice Page Hollingsworth stated that , in exchange for the kickbacks, she would ensure that Isaac Brooks, maintain the business of Maytag and subsequently Whirlpool Corporation and she would protect the plaintiff's working relationship.

12. Janice Page Hollingsworth stated that if Isaac Brooks refused to make the kickbacks payments she would make sure that Isaac Brooks lost the business of Maytag and Whirlpool.

13. Janice Page Hollingsworth stated that if Isaac Brooks ever reported her conduct to either Maytag's or Whirlpool's management or law enforcement, she would falsely accuse Isaac Brooks of bribery, which would expose Isaac Brooks to criminal prosecution and ensure that Isaac Brooks would be terminated as a Maytag and/or Whirlpool supplier.

14. Because most of its business was related to supplying temporary employees and because Isaac Brooks reasonably feared that Janice Page Hollingsworth would make good on the threats, Isaac Brooks agreed to make the kickback payments to Janice Page Hollingsworth. Isaac Brooks agreed to make the kickback payments demanded by Janice Page Hollingsworth only because of the economic duress threatened by Janice Page Hollingsworth. Isaac Brooks received no benefit from the kickbacks, other than Janice Page Hollingsworth's purported "protection" from termination as a supplier.

15. Approximately $1,316,500.00 in kickbacks demanded by Janice Page Hollingsworth were paid personally by Isaac Brooks. Pursuant to Janice Page Hollingsworth's direction, however, Isaac Brooks thereafter made payments to her husband, Gary Hollingsworth and placed him on plaintiff's payroll and paid him as if he was an employee of Isaac Brooks.

16. Upon information and belief, Janice Page Hollingsworth knew and intended that if Isaac Brooks extorted kickback payments were ever discovered by Maytag and/or Whirlpool she would depict the payments as bride payments.

17. During the course of said business relationship, Janice Page Hollingsworth extorted kickbacks from Isaac Brooks in an amount of no less than $1,316,500.00. Pursuant to Janice Page Hollingsworth instructions, the extorted kickbacks were paid in the form of cash from Isaac Brooks to Janice Page Hollingsworth, purchase of a company for Gary Hollingsworth, casino trips to Tunica, Mississippi, wages to Gary Hollingsworth, Boat house payments, Christmas gifts to Janice Page Hollingsworth. Gary Hollingsworth was never an employee of Isaac Brooks.

18. During the course of business, Janice Page Hollingsworth extorted from Isaac Brooks an amount of no less than $1,185,000.00 to Janice Page Hollingsworth, personally and an additional $131,000 kickback were paid in form or wages and other indirect payment made to Gary Hollingsworth as alleged in the preceding # 17 allegation.

19. In July 2003, Janice Page Hollingsworth demanded that Isaac Brooks give her $120,000 for a business whereas plaintiff Isaac Brooks tried to dodge her and shortly thereafter she contacted Isaac Brooks and stated "your ass will be out of here if you don't give me $30,000.00." Reluctantly, Isaac Brooks made the payment, July 31, 2003

20. During August 2004 Janice Page Hollingsworth demanded Isaac Brooks give her a percentage of the business at 3% per week of net profit or Isaac Brooks would be replaced as the supplier. This was done for three (3) years at $500 per week, to the tune of $78,000.00.

21. During October 2007, Isaac Brooks refused to make anymore extortion payments to Janice Page Hollingsworth and stayed away from her. Janice Page Hollingsworth became irate and made good on her threats, (also made good on threats January 2006 we were replaced as supplier until she was paid).

22. Janice Page Hollingsworth, also demanded that Isaac Brooks pay $25,000 each Christmas which Isaac Brooks refused and Janice Page Hollingsworth contacted him and stated " I guess I can call another service." After that Janice Page Hollingsworth was paid the $25,000 for 6 years totaling $150,000.00 beginning December 2001.

23. Isaac Brooks immediately ceased making payments to Janice Page Hollingsworth in October 2007 and on January 8, 2008 Isaac Brooks got information that he was no longer the supplier after meeting with attorneys, Between 5 and 6 pm Isaac Brooks went to meet with Janice Page Hollingsworth and after a brief discussion indicated that he was going to the plant manager. Janice Page Hollingsworth stated, "The plant manager was out of town." Isaac Brooks informed Janice Page Hollingsworth that he would be going to the authorities to report Janice Page Hollingsworth's extortion acts.

24. In essence, Janice Page Hollingsworth replied: "I will be reporting to the proper authorities your bribery and you will be facing criminal charges," thereafter the plaintiff left.

25. Isaac Brooks also feared reporting Janice Page Hollingsworth's conduct directly to law enforcement. Janice Page Hollingsworth had threatened that in response to any report

to law enforcement, Janice Page Hollingsworth would claim that the kickbacks were brides, and Isaac Brooks would face prosecution himself.

26. By the fall of 2007, however, Janice Page Hollingsworth's duress and retaliatory actions had exacted such a toll on Isaac Brooks and causing great distress.

27. Knowing that he and his company were the victims of Janice Page Hollingsworth's extortionist demands and knowing that Janice Page Hollingsworth ability to inflict additional harm was increasing, in 2005 Isaac Brooks decided to report Janice Page Hollingsworth conduct to the Plant Manager, believing that the plant manager and the legal system would protect Isaac Brooks from Janice Page Hollingsworth's continued illegal behavior and attempts to rectify the past wrongs she had committed.

28. On January 8, 2008, Isaac Brooks met with attorney and subsequently informed Janice Page Hollingsworth that he was no longer allowing illegally extorting kickback payments.

29. Isaac Brooks also stated that he was going to the authorities at which time Janice Page Hollingsworth informed Isaac Brooks that his services with Whirlpool was no longer needed.

30. Janice Page Hollingsworth then informed plaintiff, Isaac Brooks that she was informed to let him know that he would be reported to the proper authorities for bribery and face criminal charges.

31. Janice Page Hollingsworth made it known to Isaac Brooks that at all times she controlled his fate with Whirlpool and that if Isaac Brooks wanted to preserve it's Whirlpool business, it had to make kickback payments to her.

# *RICO CLAIMS*

## COUNT ONE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATONS ACT
### 18 U.S.C. $1962(C)

32. Isaac Brooks realleges and restates paragraph 1 through 31.

33, At all relevant times Isaac Brooks, d.b.a. TOTS constituted an "enterprise" within the meaning of 18 U.S.C. $$ 1961 (4) and 1962 (c) , in that it was a partnership

>  (a) Janice Page Hollingsworth is an individual "person" within the meaning of 18 U.S.C. $$ 1961 (3) and 1962 (c), who associated with and/or participated in the conduct of said enterprise's affairs.

>  (b) Between December 1993 and January 2008, Janice Page Hollingsworth conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of

racketeering activity within the meaning of 18 U.S.C. $$ 1961 (1), 1961 (5) and 1962 (c ). Janice Page Hollingsworth pattern of racketeering activity consisted of:

(i) extortion (*see supra* 8-31) that was designed to extract direct or indirect personal rewards from Isaac Brooks, if Isaac Brooks refused to succumb to Janice Page Hollingsworth demands for personal compensation, she would cause Maytag and later Whirlpool to terminate Isaac Brooks or she would engage in retaliatory action (*see supra 21* ) against Isaac Brooks , all or some said acts of extortion were in violation of 18 U.S.C. $ 1951;

(ii) Janice Page Hollingsworth knowingly used intimidation and threatens to corruptly persuade Isaac Brooks , or attempted to do so, or engaged in misleading conduct toward Isaac Brooks, with intent to (i) influence, delay, or prevent the testimony of Isaac Brooks in an official proceeding concerning Janice Page Hollingsworth's illegal actions; or (ii) to hinder, delay, or prevent Isaac Brooks communication to a law enforcement officer or judge of the United States information relating to Janice Page Hollingsworth's commission or possible commission of a Federal offense/; Janice Page Hollingsworth committed such acts in violation of 18 U.S.C. $ 1512;

(iii) a scheme to defraud (*see supra* 8-31) that was knowingly and intentionally devised by Janice Page Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Janice Page Hollingsworth placed or foresee ably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in  15 & 17 ); Janice Page Hollingsworth committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19, and 20  and elsewhere.

(iv) traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

34. In the alternative to paragraph 33, 35 and 36, at all relevant times, some or all of the following individual constituted an "enterprise" within the meaning of 18 U.S.C. $$ 1961 (4) and 1962 (c ), in that they were "a group of individuals associated in fact:  Isaac Brooks, d.b.a. TOTS, Maytag and later Whirlpool.

(a) Janice Page Hollingsworth is an individual "person" within the meaning of 18 U.S.C. $$ 1961 (3) and 1962 (c), who associated with and/or participated in the conduct of said enterprise's affairs.

(b) Between December 1993 and January 2008, Janice Page Hollingsworth conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. $$ 1961 (1), 1961 (5) and 1962 (c ). Janice Page Hollingsworth pattern of racketeering activity consisted of:

(i) extortion (*see supra*   8-31) that was designed to extract direct or indirect personal rewards from Isaac Brooks, if Isaac Brooks refused to succumb to Janice Page Hollingsworth demands for personal compensation, she would cause Maytag and later Whirlpool to terminate Isaac Brooks or she would engage in retaliatory action (*see supra 21*) against Isaac Brooks , all or some said acts of extortion were in violation of 18 U.S.C. $ 1951;

(ii) Janice Page Hollingsworth knowingly used intimidation and threatens to corruptly persuade Isaac Brooks , or attempted to do so, or engaged in misleading conduct toward Isaac Brooks, with intent to (i) influence, delay, or prevent the testimony of Isaac Brooks in an official proceeding concerning Janice Page Hollingsworth's illegal actions; or (ii) to hinder, delay, or prevent Isaac Brooks communication to a law enforcement officer or judge of the United States information relating to Janice Page Hollingsworth's commission or possible commission of a Federal offense/; Janice Page Hollingsworth committed such acts in violation of 18 U.S.C. $ 1512;

(iii) a scheme to defraud (*see supra*   8-31) that was knowingly and intentionally devised by Janice Page Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Janice Page Hollingsworth placed or foresee ably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in 15 & 17 ); Janice Page Hollingsworth committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19 and 20 and elsewhere.

(iv) traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

35. In the alternative to paragraph 33, 34, and 36, at all relevant times, some or all of the following individual constituted an "enterprise" within the meaning of 18 U.S.C. $$ 1961 (4) and 1962 (c ), in that he were "an individual associated in fact".: Isaac Brooks, d.b.a. TOTS.

   (a) Janice Page Hollingsworth is an individual "person" within the meaning of 18 U.S.C. $$ 1961 (3) and 1962 (c), who associated with and/or participated in the conduct of said enterprise's affairs.

   (b) Between December 1993 and January 2008, Janice Page Hollingsworth conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. $$ 1961 (1), 1961 (5) and 1962 (c ). Janice Page Hollingsworth pattern of racketeering activity consisted of:

   (i)   extortion (*see supra*  8-31) that was designed to extract direct or indirect personal rewards from Isaac Brooks, if Isaac Brooks refused to succumb to Janice Page Hollingsworth demands fro personal compensation, she would cause Maytag and later Whirlpool to terminate Isaac Brooks or she would engage in retaliatory action (*see supra 21* ) against Isaac Brooks , all or some said acts of extortion were in violation of 18 U.S.C. $ 1951;

   (ii)  Janice Page Hollingsworth knowingly used intimidation and threatens to corruptly persuade Isaac Brooks , or attempted to do so, or engaged in misleading conduct toward Isaac Brooks, with intent to (i) influence, delay, or prevent the testimony of Isaac Brooks in an official proceeding concerning Janice Page Hollingsworth's illegal actions; or (ii) to hinder, delay, or prevent Isaac Brooks communication to a law enforcement officer or judge of the United States information relating to Janice Page Hollingsworth's commission or possible commission of a Federal offense/; Janice Page Hollingsworth committed such acts in violation of 18 U.S.C. $ 1512;

   (iii) a scheme to defraud (*see supra*  8-31) that was knowingly and intentionally devised by Janice Page Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Janice Page Hollingsworth placed or foresee ably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in 15 & 17); Janice Page Hollingsworth committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19 and 20 and elsewhere.

   (iv)  traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute

> the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

    36.    In the alternative to paragraph 33, 34, and 36, at all relevant times, some or all of the following individual constituted an "enterprise" within the meaning of 18 U.S.C. $$ 1961 (4) and 1962 (c ), in that he were "an individual associated in fact".: Janice Page Hollingsworth and Gary Hollingsworth.

> a) Janice Page Hollingsworth is an individual "person" within the meaning of 18 U.S.C. $$ 1961 (3) and 1962 (c ), who associated with and/or participated in the conduct of said enterprise's affairs.
>
> (b) Between December 1993 and January 2008, Janice Page Hollingsworth conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. $$ 1961 (1), 1961 (5) and 1962 (c ). Janice Page Hollingsworth pattern of racketeering activity consisted of:
>
>> (i)    extortion (*see supra* 8-31) that was designed to extract direct or indirect personal rewards from Isaac Brooks, if Isaac Brooks refused to succumb to Janice Page Hollingsworth demands fro personal compensation, she would cause Maytag and later Whirlpool to terminate Isaac Brooks or she would engage in retaliatory action (*see supra 21* ) against Isaac Brooks , all or some said acts of extortion were in violation of 18 U.S.C. $ 1951;
>>
>> (ii)    Janice Page Hollingsworth knowingly used intimidation and threatens to corruptly persuade Isaac Brooks , or attempted to do so, or engaged in misleading conduct toward Isaac Brooks, with intent to (i) influence, delay, or prevent the testimony of Isaac Brooks in an official proceeding concerning Janice Page Hollingsworth's illegal actions; or (ii) to hinder, delay, or prevent Isaac Brooks communication to a law enforcement officer or judge of the United States information relating to Janice Page Hollingsworth's commission or possible commission of a Federal offense/; Janice Page Hollingsworth committed such acts in violation of 18 U.S.C. $ 1512;
>>
>> (iii)    a scheme to defraud (*see supra* 8-31) that was knowingly and intentionally devised by Janice Page Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Janice Page Hollingsworth placed or foresee ably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in 15 & 17 ); Janice Page Hollingsworth

committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19, and 20 and elsewhere.

(iv) traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

37. At all relevant times, the enterprises alleged in paragraph 33 – 36 *(supra)* were engaged in, and their activities affected, interstate commerce and foreign commerce.

38. All of the predicate acts described in paragraph 33 – 36 *(supra)* were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. $ 1962 (c ), in that their common purpose was to extort and defraud Isaac Brooks, their common result was to extort and defraud Isaac Brooks of money; Janice Page Hollingsworth and Gary Hollingsworth each personally or through their agents, directly, or indirectly, participated in all of the acts and employed the same or similar methods of commission; Isaac Brooks was the victim of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

39 All of the predicate acts described in paragraphs 33 – 36 *(supra)* were continuous so as to form a pattern of racketeering activity in that:

a) Janice Page Hollingsworth engaged in the predicate acts over a substantial period of time; or

b) The patterns of racketeering activity engaged in by Janice Page Hollingsworth continues or threatens to continue because the such conduct has become a regular way of conducting Janice Page Hollingsworth's on-going business activities.

40. As a direct and proximate result of, and by reason of the activities of Janice Page Hollingsworth and her conduct in violation of 18 U.S.C. $$ 1962 (c ), Isaac Brooks have been injured in his business or property, within the meaning of 18 U.S.C. $ 1964 (c ). Among other things Isaac Brooks have suffered damages to the extent Janice Page Hollingsworth extorted kickback payments from Isaac Brooks. Isaac Brooks is therefore. Entitled to recover threefold damages he has sustained together with the cost of the suit, including reasonable attorneys' and experts' fees.

## COUNT TWO
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
## 18 U.S.C. $ 1962(C)

41. Isaac Brooks realleges and restates paragraph 1 – 40.

42. At all relevant times, some or all of the following individuals constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961 (4) and 1962 (c), in that they were "individuals associated in fact": Janice Page Hollingsworth and Gary Hollingsworth.

    (a) Gary Hollingsworth is an individual "person" within the meaning of 18 U.S.C. §§ 1961 (3) and 1962 (c), who associated with and/or participated in the conduct of said enterprise's affairs.

    (b) Between December 1993 and January 2008, Gary Hollingsworth conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961 (1), 1961 (5) and 1962 (c).

Gary Hollingsworth pattern of racketeering activity consisted of:

(i) extortion (*see supra 8-31*) that was designed to extract direct or indirect personal rewards from Isaac Brooks, if Isaac Brooks refused to succumb to Janice Page Hollingsworth demands fro personal compensation, she would cause Maytag and later Whirlpool to terminate Isaac Brooks or she would engage in retaliatory action (*see supra 21*) against Isaac Brooks, all or some said acts of extortion were in violation of 18 U.S.C. $ 1951;

(ii) Janice Page Hollingsworth knowingly used intimidation and threatens to corruptly persuade Isaac Brooks, or attempted to do so, or engaged in misleading conduct toward Isaac Brooks, with intent to (i) influence, delay, or prevent the testimony of Isaac Brooks in an official proceeding concerning Janice Page Hollingsworth's illegal actions; or (ii) to hinder, delay, or prevent Isaac Brooks communication to a law enforcement officer or judge of the United States information relating to Janice Page Hollingsworth's commission or possible commission of a Federal offense/; Janice Page Hollingsworth committed such acts in violation of 18 U.S.C. $ 1512;

(iii) a scheme to defraud (*see supra 8-31*) that was knowingly and intentionally devised by Gary Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Gary Hollingsworth placed or foreseeably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in 15 & 17); Janice Page Hollingsworth committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19, and 20 and elsewhere.

(iv) traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute

the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

43. At all relevant times, the enterprise alleged in paragraph 42 (*supra*) was engaged in, and their activities affected, interstate commerce and foreign commence.

44. All of the predicate acts described in paragraph 42 (*supra*) were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. $ 1962(c ), in that their common purpose was to extort and defraud Isaac Brooks; their common result was to extort and defraud Isaac Brooks of money; Janice Page Hollingsworth and Gary Hollingsworth, each personally or through their agents, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; Isaac Brooks was the victim of the acts of racketeering, and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

45. All of the predicate acts described in paragraph 42 (*supra*) were continuous so as to form a pattern of racketeering activity in that Gary Hollingsworth engaged in the predicate acts over a substantial period of time.

46. As a direct and proximate result of, and by reason of, the activities of Gary Hollingsworth and his conduct in violation of 18 U.S.C. $$ 1962(c ), Isaac Brooks have been injured in his business or property, within the meaning of 18 U.S.C. $ 1964(c ). Among other things Isaac Brooks have suffered damages to the extent Janice Page Hollingsworth extorted kickbacks payments from Isaac Brooks. Isaac Brooks are, therefore, entitled to recover threefold the damages they have sustained together with the cost of this suit, including reasonable attorney's and expert's fees.

## COUNT THREE
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
## 18 U.S.C. $ 1962(d)
### (Conspiracy – Gary Hollingsworth)

47. Isaac Brooks realleges and restates paragraph 1 through 46.

48. In the alternative to Count Two, Gary Hollingsworth conspired with Janice Page Hollingsworth to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises through a pattern of racketeering activity (see supra 33-36) in violation of 18 U.S.C. $ 1962(d). In particular Gary Hollingsworth intended to further an endeavor of Janice Page Hollingsworth which, if completed, would satisfy all of the elements of a substantive RICO criminal offense and adopted the goal of furthering or facilitating the criminal endeavor.

49. Isaac Brooks were injured by Gary Hollingsworth's overt acts that are acts of racketeering or otherwise unlawful under the RICO statute:

    (a)    a scheme to defraud (*see supra* 8-31) that was knowingly and intentionally devised by Janice Page Hollingsworth and furthered by Gary

Hollingsworth to obtain Isaac Brooks money or property by means of false or fraudulent pretenses, representations, or promises; and, for the purpose of executing such scheme, Gary Hollingsworth placed or foreseeably caused to be place in a post office, or authorized depository for mail, matter that furthered the scheme to defraud (including but not limited to all checks Janice Page Hollingsworth caused Isaac Brooks to issue to Gary Hollingsworth described in 15 & 17 ); Gary Hollingsworth committed fraud, in violation of 18 U.S.C. $ 1341, each time she used or foreseeably caused the mails to be used to distribute the materials described in paragraphs 18, 19, and 20 and elsewhere.

(b) knowingly executing, or attempting to execute, a scheme or artifice to obtain money under the custody of control of a financial institution by means of false or fraudulent pretenses or representations (including but not limited to all checks endorsed by Gary Hollingsworth described in 15 & 17 and Isaac Brooks payment of $1,316,500.00 from his personal funds, described in 18), in violations of 18 U.S.C. $ 1344.

(c ) traveling, in interstate and foreign commerce or using the mail and wire or any facility in interstate or foreign commerce with intent to distribute the proceeds of extortion or otherwise promote, manage, establish, or carry on a scheme to extort and thereafter performed or attempted to perform said acts, in violation of 18 U.S.C. $ 1952.

50. a direct and proximate result of, and by reason of the activities of Gary Hollingsworth and his conduct in violation of 18 U.S.C. $$ 1962 (c ), Isaac Brooks have been injured in his business or property, within the meaning of 18 U.S.C. $ 1964 (c ). Among other things Isaac Brooks have suffered damages to the extent Janice Page Hollingsworth extorted kickback payments from Isaac Brooks. Isaac Brooks is therefore. Entitled to recover threefold damages he has sustained together with the cost of the suit, including reasonable attorneys' and experts' fees.

## COUNT FOUR
## NEGLIGENT SUPERVISION
## (WHIRLPOOL)

51. Isaac Brooks realleges and restates paragraph 1 through 50.

52. Whirlpool had a duty to exercise reasonable care in the supervision of Janice Page Hollingsworth.

53. Whirlpool breached its duty to supervise Janice Page Hollingsworth, by among other things:

(a) failing to respond reasonably to Isaac Brooks disclosures in February 2008 and 2005 that Janice Page Hollingsworth had been extorting kickbacks from Isaac Brooks and

(b) failing to terminate Janice Page Hollingsworth after knowledge of said illegal acts became known.

54. Whirlpool breached its duty to supervise Janice Page Hollingsworth by, among other things, failing to enact reasonable measures to ensure that supervisory employees would not be allowed to orchestra a scheme to demand and extort kickbacks from suppliers.

55. As a direct and proximate result of Whirlpool negligent supervision, or breach of its duty to supervise, Isaac Brooks have incurred and/or will incur loss and damages in excess of one million dollars ($1,000,000.00).

56. Whirlpool failure to adequately supervise Janice Page Hollingsworth, among others, was so grossly negligent as to indicate a wanton disregard for the rights of Isaac Brooks. As a result, Isaac Brooks entitled to an award of punitive damages against Whirlpool.

## COUNT FIVE
## NEGLIGENT RETENTION
## (WHIRLPOOL)

57. Isaac Brooks realleges and restates paragraph 1 through 56.

58. Whirlpool knew or should have known that Janice Page Hollingsworth was extorting kickbacks from Whirlpool suppliers and, thus had a particular unfitness for the position of Whirlpool's Human Resource Manager so as to create a danger of harm to Isaac Brooks and other Whirlpool suppliers.

59. Janice Page Hollingsworth unfitness was known or should have been known by Whirlpool, as of February 2008 and at all times thereafter; nonetheless, Janice Page Hollingsworth was retained as HR Manager for Whirlpool.

60. As a direct and proximate result of Whirlpool's negligent retention of Janice Page Hollingsworth, Isaac Brooks have incurred and/or will incur loss and damages in excess of one million ($1,000,000.00).

61. Whirlpool's retention of Janice Page Hollingsworth after February, 2008 was so grossly negligent as to indicate a wanton disregard for the rights of Isaac Brooks. As a result, Isaac Brooks is entitled to an award of punitive damages against Whirlpool.

## *NON – RICO CLAIMS*

## COUNT SIX
## BREACH OF CONTRACT

62. The business relationship between the parties to wit: Isaac Brooks, d.b.a. TOTS, Janice Page Hollingsworth as Human Resource Manager for Whirlpool and the Whirlpool Corporation was pursuant to written contract executed by the parties on December 9, 2004, with an expiration date of July 31, 2006.

63. Though said contract contained a purported expiration date of July 31, 2006 at all times up to and including January, 2008, the parties operated pursuant to the terms of the contract.

64. One of the terms of the contract required 60 day notice before either party could terminate the contract (*article IV #2 attached to complaint*).

65. Defendants on January 8, 2008 replaced Plaintiff as supplier without giving the required notice as stated in the contract agreement thereby causing a breach of contract.

66. Plaintiff were invoicing at a rate of $60,000.00 weekly for eight (8) weeks totaling $480,000.00.

67. Defendants, Whirlpool did not provide the payments to the Federal Government for 940 and 941 and all other taxes as required by the agreement (*article VII #2*) causing a breach totaling $4,000,000.00.

68. Plaintiffs assert it has caused great harm to the business of plaintiff due to defendant's actions.

**WHEREFORE,** Plaintiffs Isaac Brooks demand trial by jury and judgment from the Court as follows:

1. To award damages against Janice Page Hollingsworth, Gary Hollingsworth, and Whirlpool, jointly and severally, for a sum of money equal to the amount of damages and/or looses Isaac Brooks have sustained or will Sustain;

2. To treble the amount of said damages pursuant to 18 U.S.C. $ 1964(c);

3. To award punitive damages pursuant to Tennessee common law;

4. To award damages for the breach of contract by defendant Janice Page Hollingsworth and Whirlpool Corporation in the amount of $4,480,000.00.;

5. To award prejudgment interest on the amount of damages and/or losses that Isaac Brooks have sustained;

6. To award all costs of litigation incurred by Isaac Brooks, including its reasonable attorneys' fees and experts' fees, pursuant to 18 U.S.C. $ 1964(c) and Tennessee statute;

7. To award such other and further relief as this Honorable Court deems just and equitable.

May 20th, 2010

Isaac H. Brooks
pro se
107 Southwind
Jackson, TN  38305

Telephone (731) 225-5082
Email: ikebrooks@yahoo.com