IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

| | |
|---|---|
| **ISAAC BROOKS, D.B.A. TOTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 1:10-cv-1098 |
| ) | |
| **WHIRLPOOL CORPORATION, a** ) | |
| **Michigan Corporation,** ) | |
| **JANICE PAGE HOLLINGSWORTH and** ) | |
| **GARY HOLLINGSWORTH** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS

By filing this lawsuit, Plaintiff attempts to re-litigate claims that have already been dismissed by another court. For these reasons as more fully set forth in the accompanying Memorandum of Law, Defendants Whirlpool Corporation ("Whirlpool"), Janice Page Hollingsworth ("Ms. Hollingsworth") and Gary Hollingsworth ("Mr. Hollingsworth"), hereinafter collectively the "Defendants," hereby move this Court to dismiss the instant lawsuit under Fed. R. Civ. P. 12(b)(6) on the grounds of claim preclusion (*res judicata*).[1] For cause, the Defendants would show the Court as follows:

1. On February 4, 2008, Plaintiff TOTS filed a complaint in the Circuit Court of Madison County, Tennessee, (hereinafter the "Prior Complaint"). In that proceeding (hereinafter the "State Court Proceeding"), Plaintiff TOTS alleged that it was a corporation duly organized under Tennessee law. TOTS sought relief based upon its claim that the Defendants Whirlpool and Janice Page Hollingsworth, an employee of Whirlpool, breached an implied contract between TOTS and Defendant Whirlpool. TOTS' allegations were the following: (1) that TOTS

---

[1] This motion does not address other valid grounds for dismissal, including but not limited to issue preclusion (collateral estoppel), Plaintiff's fraud and unclean hands (addressed in the accompanying motion for sanctions), deficient service of process, and the statute of limitations. Defendants reserve all such defenses.

had contracted with Whirlpool's predecessor Maytag to provide certain temporary workers to the production facility in Jackson, Tennessee; (2) that although the written contract had expired, the parties had continued doing business under that contract; and (3) that Defendant Janice Page Hollingsworth "began to demand payments from the Plaintiff that were in violation of its contracts. … [T]hese payments were improper, and in violation of their contracts, constituting a breach thereof, fraudulent and a breach of her duty. That to maintain his business relationship and contracts Plaintiff reluctantly made the payments to Janice Page in behalf of Whirlpool Corporation." (Prior Complaint ¶¶ 5, 7).

2. On October 7, 2008, the Circuit Court of Madison County, Tennessee dismissed the Prior Complaint. The Court ruled that TOTS did not have standing to pursue a lawsuit since its corporate charter had been revoked in 1998 and had not been reinstated. The Court also ruled that Plaintiff Isaac Brooks could not be substituted for TOTS as the alleged "real party in interest" because there existed no cause of action for Brooks to pursue, and hence no asset to which he could succeed as a party in interest.

3. TOTS appealed this decision, arguing that Isaac Brooks should be allowed to proceed with the Prior Complaint as the real party in interest because Brooks had continued "doing business as" TOTS as a sole proprietor after TOTS' corporate charter had been revoked. On December 18, 2009, the Tennessee Court of Appeals issued a Judgment and Opinion affirming the trial court and upholding dismissal of the Prior Complaint with prejudice.

4. On May 20, 2010, Plaintiff filed an Amended Complaint in this Court, alleging essentially the same facts contained in the Prior Complaint.

5. The core allegations contained in the Amended Complaint (hereinafter the "Federal Complaint") are essentially identical to those contained in the Prior Complaint – namely, the purported demand by Janice Page Hollingsworth of "improper" payments in order for Plaintiff to retain the staffing contract between TOTS and Whirlpool.

6.	Even if the claims asserted in the Federal Complaint did not arise from the same facts alleged in the Prior Complaint, there is no question that those claims "could have been asserted" in the Prior Complaint and are thus barred.  The factual allegations in the Federal Complaint pertain to the same time period referenced in the Prior Complaint, and Plaintiff has made no allegation that new facts have arisen since the filing of the Prior Complaint or the termination of the State Court Proceeding.   Thus, any new allegations or new claims contained in the Federal Complaint are nevertheless barred.

7.	The instant lawsuit constitutes Plaintiff's attempt to circumvent the ruling of the Tennessee Court of Appeals, holding that he was not permitted to litigate individually on behalf of the now-defunct corporation, TOTS.  Such an attempt is contrary to law and should not be permitted by this Court.

Because this lawsuit is barred by a prior judgment rendered in state court with respect to the same parties and the same subject matter, Defendants move that this case be dismissed in its entirety with prejudice.

Filed this 30th day of December 2010.

BASS, BERRY & SIMS PLC

 s/ Tim K. Garrett
Tim K. Garrett (BPR# 12083)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been furnished via the Court's Electronic Filing System and also by United States mail, postage prepaid, on this 30th day of December 2010, to the following:

| Law Offices of Stephen C. Brooks<br>c/o Stephen C. Brooks<br>423 North Highland Avenue<br>Jackson, TN 38301 | Isaac H. Brooks<br>107 Southwind<br>Jackson, TN 38305 |
|---|---|

                      _s/ Tim K. Garrett_

9089626.1