IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ISAAC BROOKS d/b/a TOTS,

      Plaintiff,

v.                                                     Case 1:10-cv-01098-JDB-cgc

WHIRLPOOL CORPORATION, et al.,

      Defendants.

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS**

      Before the Court is Defendant Whirlpool Corporation's ("Whirlpool") Motion for Sanctions (Docket Entry "D.E." #23). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for determination. (D.E. #42). For the reasons set forth herein, Defendant's Motion for Sanctions is hereby GRANTED.

**I. Background**

      In the instant motion, Whirlpool contends that Plaintiff Isaac Brooks ("Plaintiff Brooks") and his counsel, Stephen C. Brooks ("Attorney Brooks"), collectively "Plaintiff," violated Rule 11 of the Federal Rules of Civil Procedure by filing and continuing to advocate claims in federal court that are clearly barred by res judicata. Whirlpool also alleges that Plaintiff Brooks attempted to mislead and commit fraud upon the Court by producing a forged contract attached to his Amended Complaint and that Attorney Brooks continued to perpetrate the fraud by later advocating it. Plaintiff responded to Whirlpool's Motion for Sanctions on January 19, 2011, by denying the

1

allegations and requesting that the Court grant sanctions against Whirlpool. After the Motion for Sanctions and the Response were filed, United States District Judge J. Daniel Breen granted Whirlpool's Motion to Dismiss.

At a hearing before the Magistrate Judge on July 13, 2011, Plaintiff orally amended the Response to the Motion for Sanctions. Attorney Brooks asserted that all filings had been in good faith, that he had never been subject to any Rule 11 sanctions in the past, and that Whirlpool's proposed fees were extremely excessive. Attorney Brooks also noted that the spirit of Rule 11 is to ensure deterrence of future behavior, and he assured the court that no such pleadings would be filed by Plaintiff in the future. Plaintiff Brooks gave testimony in which he essentially repeated his objections to the dismissal on the grounds of res judicata that had already been entered by the District Court. At the conclusion of the hearing, the Magistrate Judge permitted Defendant one week to file an affidavit setting forth the proposed attorneys' fees and permitted Plaintiff one week from the filing of the affidavit to file his response. On July 20, 2011, Defendant filed his Affidavit requesting $30,970.27 in attorneys' fees and costs. To date, Plaintiff has not filed a response.

## II. Applicable Law

Fed. R. Civ. P. 11(b) provides as follows:

> By presenting to the court a pleading, written motion or other paper — whether by signing, filing, submitting or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by

2

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c)(1) provides in pertinent part:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Rule 11(c)(2) provides:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The Advisory Committee Comments to the 1993 amendments to Rule 11 provide:

Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party.

**III. Analysis**

   ***1. Rule 11(b)(2): Sanctions appropriate as to a claim dismissed on the basis of res judicata***[1]

First, the Court will determine if Rule 11 sanctions are appropriate with respect to a claim dismissed on the basis of res judicata. In the Sixth Circuit, "the test for imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). This is an objective standard—an individual's subjective good faith belief in the merits of a case is not enough to prevent a violation of Rule 11 and possible Rule 11 sanctions. *Tahfs v. Proctor,* 316 F.3d 584, 594 (6th Cir. 2002). When a pro se litigant or an attorney signs a pleading or other document, he is certifying that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b)(2).

If a controlling case is fatal to a claim and a reasonably competent attorney would have discovered the authority through research, the claim is not well grounded in law. *Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc.,* 118 F.R.D. 66, 74 (M.D. Tenn. 1987). This includes claims that are barred by res judicata. *Id.* (citing *Robinson v. Nat'l Cash Register Co.*, 808 F.2d 1119, 1131

---

[1] Whirlpool also requests sanctions based upon Rule 11(b)(1), alleging that Plaintiff is attempting to perpetrate fraud against this Court, which constitutes an "improper purpose" in filing. Whirlpool alleges that Plaintiff Brooks filed a doctored, fraudulent document with this Court attached to the Amended Complaint and that Attorney Brooks later advocated this fraudulent document. The District Court never reached the merits of this claim in the Order Granting Defendant's Motion to Dismiss, and neither party requested that this Court take any testimony or proof regarding claim, so the Court will not consider it here. However, the Court takes allegations of doctored evidence, forgery, fraud, and dishonesty very seriously. Were Whirlpool's allegations to be proved true, this would be deeply troubling. Plaintiff and Plaintiff's counsel are cautioned that candor and veracity are required before this and every Court at all times and in all filings.

(5th Cir. 1987) (law of res judicata clearly barred the claim); *Southern Leasing Partners v. McMullan*, 801 F.2d 783, 788-89 (5th Cir. 1986) (argument that res judicata not applicable to case mere rhetoric that misstates the law)). Even so, merely opposing a motion that is ultimately granted is not sufficient to incur sanctions. *See Balfour Guthrie, Inc.,* 118 F.R.D. at 79 ("This Court is not sanctioning plaintiff's attorney because he responded to a motion and lost on the merits. Rather, the Court is imposing sanctions because the response shows an insufficient basis in facts available to [plaintiff's] counsel."). Accordingly, the Court finds that sanctions are permissible when a complaint includes claims that are time-barred by res judicata.

### *2. Sanctions appropriate as against Plaintiff Brooks*

Next, the Court will determine if sanctions are appropriate in this case as against Plaintiff Brooks. It is well-settled that Rule 11 applies to pleadings, motions, or papers signed by an attorney or a pro se litigant. *Balfour Guthrie, Inc.,* 118 F.R.D. at 73. Sanctions may be imposed against an attorney, a client, or both attorney and client. *Id.* The signer's experience or inexperience will not revoke a sanction imposed under Rule 11 but may affect the severity of the penalty. *Id.*

At the time the Amended Complaint was filed on May 20, 2010, Plaintiff Brooks was proceeding as a pro se litigant. Whirlpool alleges that they complied with the safe harbor provision of Rule 11(c)(2) by serving Plaintiff Brooks with its proposed Motion for Sanctions approximately five months before filing the Motion on December 30, 2010. The purpose of the safe harbor provision, which requires a party seeking sanctions to wait twenty-one days after notifying the opposing party before filing the motion, Fed. R. Civ. P. 11(c)(2), is to provide a party notice of the basis for seeking Rule 11 sanctions and to allow that party an opportunity to withdraw any

5

sanctionable filings. *U.S.A. ex rel. Tomlin v. Royco, Inc.*, No. 3-02-1179, 2010 U.S. Dist. LEXIS 41108, at *20-21 (M.D. Tenn. March 30, 2010). Plaintiff Brooks does not allege that he did not have sufficient notice of the Motion for Sanctions, nor does he dispute that Whirlpool complied with the safe harbor provision.

It is also well-settled that a represented party is normally not subject to Rule 11 sanctions. *Id.* at *28-29. However, although Plaintiff Brooks is currently represented by an attorney, at the time he filed the pleading that violated Rule 11 he was a pro se litigant. He had ample time to review and withdraw the offending complaint—indeed, Whirlpool gave him more than five months to do so, much longer than the twenty-one days required by law. Plaintiff Brooks presents no defenses to his actions other than disagreement with the District Court's Order of Dismissal. Accordingly, the Court finds that sanctions are appropriate as to Plaintiff Brooks.

### 3. *Sanctions appropriate as against Attorney Brooks*

Attorney Brooks filed a Notice of Appearance on behalf of Plaintiff Brooks on December 1, 2010.[2] Attorney Brooks did not sign the offending Amended Complaint, but that does not preclude him from sanctions. "A litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include

---

[2] Attorney Brooks entered his notice of appearance in this matter after Whirlpool sent the safe harbor letter to Plaintiff Brooks. Whirlpool acknowledges that they did not serve Attorney Brooks with a separate safe harbor letter at that time, but alleges that Attorney Brooks had ample notice and opportunity to withdraw the complaint. Attorney Brooks does not allege that he had insufficient notice of the Motion for Sanctions either in the Answer and Response to the Motion for Sanctions filed in January 2011 or during the hearing on July 13, 2011. Indeed, the Answer and Response to the Motion for Sanctions even includes a request for the Court to issue sanctions against Whirlpool, alleging much the same fraud allegations that Whirlpool leveled against Plaintiff. Because Attorney Brooks does not dispute Whirlpool's claim that he had ample notice of the Motion for Sanctions, the Court will proceed assuming that the safe harbor was satisfied.

reaffirming to the court and advocating positions that are contained in those pleadings and motions after they cease to have any merit." *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11 advisory committee's note). In *Turner*, an attorney was sanctioned for continuing to prosecute an action that had no basis in fact, despite the fact that the attorney did not file a notice of appearance in the matter until a year after the complaint was filed. The attorney argued that merely signing a notice of appearance was insufficient to subject him to Rule 11 sanctions, but the Court disagreed. The Court noted that the "plain language" of Rule 11 merely requires "papers" to be "presented" to the court, and that "it is well established that Rule 11 applies to all papers filed in a suit." *Id.* at 1421. The Court elaborated:

> By appearing in this case, [Plaintiff's attorney] affirmed to the court that the case had arguable merit. In this sense, it was as if [the attorney] had refiled the complaint. To use Rule 11's words, he was 'later advocating' that the 'factual contentions [in the complaint] have evidentiary support.

*Id.*

The United States Court of Appeals for the Federal Circuit echoes this reasoning. In *Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356, 1362 (Fed. Cir. 2003), the court noted that opposing a motion for Rule 11 sanctions can be evidence of counsel pursuing its position despite the opportunity to withdraw or amend the offending documents. "[Rule 11(b)] does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." *Id.* (quoting Fed. R. Civ. P. 11 advisory committee note). The Middle District of Tennessee also acknowledges that attorneys who continue to advocate a claim violative of Rule 11—even if they join the case after a complaint is filed—can be subject to sanctions. *See U.S.A. ex rel. Tomlin*, 2010 U.S. Dist. LEXIS 41108, at

7

*28 ("[Defendant] is apparently not seeking Rule 11 sanctions from any counsel other than [initial plaintiff's counsel, since withdrawn from case, who filed complaint] . . . . Although the defendant is correct that the plaintiff's last attorneys—as well as intervening counsel—are potentially subject to Rule 11 sanctions for continuing to prosecute a claim violative of Rule 11, it is also clear that the defendant is not seeking such sanctions against any other counsel representing the plaintiff.")

Attorney Brooks has not offered any opposition to Whirlpool's allegations against him other than to offer a defense of good faith. However, as noted above, the Rule 11 inquiry is not based upon subjective belief, but upon an objective reasonableness standard. Like the attorneys in *Turner* and *Phonometrics*, Attorney Brooks signed and filed with this court several documents that either implicitly or explicitly continue to advocate the claims made in the Amended Complaint, including as follows: a Notice of Appearance on December 1, 2010; a Notice of Correction to Notice of Appearance on December 2, 2010; a Response to Motion to Dismiss on January 19, 2011; a Response to Motion for Sanctions on January 19, 2011; a Reply to Response to Motion for Sanctions on February 9, 2011; a Notice of Correction to Reply to Response to Motion for Sanctions on February 11, 2011; and several other Replies to Whirlpool's Responses in March, 2011. The Court finds that Attorney Brooks had ample opportunity to voluntarily dismiss the Amended Complaint and did not do so. Accordingly, the Court finds that sanctions are appropriate as to Attorney Brooks.

### 4. *Reasonable Attorneys' Fees and Costs*

With respect to the amount of reasonable attorneys' fees and costs, Defendants requested $30,970.27 for the time expended in defense of this case from the filing of the Complaint in April, 2010 until the July 13, 2011 hearing on the Motion for Sanctions. Defendants set forth the hourly

rates of the attorneys and paralegals that worked on the case and asserted that the rates and hours expended were reasonable given that this was a "multiple defendant lawsuit with claims arising under the Racketeer Influenced Corrupt Organizations (RICO) Act, a complex federal statue that also carries significant civil penalties." (Aff. of Justin Page ¶ 5). Defendants further argued that they were required to litigate this case through the filing of the motion to dismiss, which required "research of state and federal law concerning claim preclusion and issue preclusion, as well as a review of the documents attached to the Complaint and all pleadings filed by the parties in the prior state court proceeding from which Plaintiff's allegations in this matter also arose." (*Id.*)

Defendants argue that their efforts further included an investigation into "a document purporting to be the 'contract' between the parties, which differed in material respects from the same contract which both parties had stipulated to be true and accurate during the prior state court proceeding." (*Id.* ¶ 6). Defendants alleged that it was "[b]ecause of the misrepresentations of Plaintiff regarding this document" that they were "required to conduct a word-for-word comparison of the two 'versions' of the contract in order to determine which terms did not match the document Plaintiff previously had admitted was the true and correct contract." (*Id.*) Finally, Defendants assert that Plaintiff filed "multiple response briefs" that "introduced additional factual allegations, extraneous documents, and citations to authority" that "insisted that the document attached to the Complaint was not fraudulent," which including "an unsworn, unauthenticated letter from an individual purported to be a 'handwriting expert,' as well as an unsworn, unauthenticated copy of a cancelled check." (*Id.* ¶ 7). Defendants argue that they were "required to spend additional time reviewing and addressing these assertions due to the continued advocacy of Plaintiff and his lawyer" that the document purporting to be the contract was authentic. (*Id.*) In addition to the Affidavit

9

setting forth the reasonableness of the attorneys' fees and costs, defense counsel further attached the billing records compiled by their law firm's accounting department setting forth a detailed description of the hours expended. (*Id.*, Exh. A).

Despite Defendant's extensive justification of the reasonableness of the fees and despite the Court's expression at the hearing that sanctions may be appropriate both as to Plaintiff and Plaintiff's counsel, Plaintiff to date has not filed a response to Defendant's Affidavit as he was permitted by the Court. Therefore, the Court has reviewed Defendant's Affidavit and concludes that the requested attorneys' fees are reasonable. Accordingly, Defendants shall be awarded $30,970.27 in attorneys' fees and costs.

## IV. Conclusion

For the reasons set forth herein, Defendant's Motion for Sanctions (D.E. #23) is hereby GRANTED.

**IT IS SO ORDERED** this 23rd day of August, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
