IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATASHA BROOKS, et al.,

    Plaintiffs,

v.                                                No. 10-1098-JDB-cgc

WHIRLPOOL, et al.,

    Defendants.

ORDER DIRECTING CLERK TO ENTER JUDGMENT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On June 28, 2011, the Court issued an order granting Defendants' motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as barred by *res judicata*. (Docket Entry ("D.E.") 41.) On June 29, 2011, the Court referred the motion for sanctions to the Magistrate Judge for determination. (D.E. 42.) On July 27, 2011, Plaintiff Isaac Brooks filed a *pro se* notice of appeal. (D.E. 49.)[1] On August 23, 2011, United States Magistrate Judge Charmiane G. Claxton granted the motion for sanctions and awarded Whirlpool Corporation the amount of $30,970.27. (D.E. 50.) Plaintiffs did not file any objection to

---

[1] Plaintiffs are represented by counsel, who has not requested leave to withdraw. Plaintiffs' attorney appeared at the sanctions hearing on July 13, 2011. (D.E. 47.)

that decision.[2] An amended notice of appeal was filed on September 6, 2011. (D.E. 51.) Plaintiffs' appeals are pending in the Sixth Circuit Court of Appeals as case numbers 11-5902 and 11-6078.

On July 27, September 12 and October 12, 2011, Brooks moved for leave to proceed *in forma pauperis* on appeal. (D.E. 49-1, 49-2, 49-3, 52 & 53.) The United States Court of Appeals for the Sixth Circuit requires that district courts in the Circuit determine, in cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a) of the Federal Rules of Appellate Procedure. *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that a party who seeks pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the litigant must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d

---

[2] The Clerk is directed to enter judgment for Defendants.

21 (1962). The test under § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u>, 82 S. Ct. at 921. The same considerations that lead the Court to grant Defendants' motion to dismiss and to impose sanctions on Plaintiffs also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

The Clerk is directed to transmit copies of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 7th day of November 2011.

<u>s/ J. DANIEL BREEN</u><br>
UNITED STATES DISTRICT JUDGE