No. 11-6078

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| NATASHA BROOKS; ETHEL BROOKS, dba Full Line Maintenance, dba Plumline Dining, Tots and Volunteer Temp,<br><br>    Plaintiffs,<br><br>and<br><br>ISSAC BROOKS, Full Line Maintenance, dba Plumline Dining, dba Tots and Volunteer Temp,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>WHIRLPOOL CORPORATION; MAYTAG CORPORATION; JANICE PAGE HOLLINGSWORTH; GARY HOLLINGSWORTH,<br><br>    Defendants-Appellees. | O R D E R |

**FILED**

**Dec 14, 2011**

LEONARD GREEN, Clerk

Before: BATCHELDER, Chief Judge; COOK, Circuit Judge; HOOD, District Judge.[*]

This matter is before the court upon initial consideration to determine whether appeal No. 11-6078 was taken from an appealable order.

The record indicates that the district court judge entered an order on June 28, 2011, dismissing the case and indicating that a separate order would be entered referring the pending motion for sanctions to the magistrate judge. On June 29, 2011, the district court judge entered an order referring the motion by Whirlpool Corporation for sanctions to the magistrate judge for a

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 11-6078
- 2 -

determination, and instructing the parties that "[a]ny objections to the magistrate judge's order shall be made within fourteen (14) days after service of the order . . . ." Isaac Brooks appealed on July 27, 2011, from the June 28, 2011 dismissal order, and that appeal was docketed as appeal No. 11-5902.

On August 23, 2011, the magistrate judge entered an order granting sanctions in the amount of $30,970.27 in attorneys' fees and costs. Brooks filed a notice of appeal on September 6, 2011, referencing appeal No. 11-5902 from the dismissal order, and amending that notice of appeal to include an appeal from the magistrate judge's August 23, 2011 order imposing sanctions. The amended notice of appeal was docketed as appeal No. 11-6078.

This court lacks jurisdiction over appeal No. 11-6078. Unless the magistrate judge is given plenary jurisdiction pursuant to 28 U.S.C. § 636(c)(1), any review of a magistrate judge's ruling lies with the district court judge. *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984). The parties did not give the magistrate judge plenary jurisdiction in this case.

It is ordered that appeal No. 11-6078 is dismissed for lack of jurisdiction.

                              ENTERED BY ORDER OF THE COURT

                              Clerk