NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0985n.06

No. 11-5902

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 07, 2012
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| NATASHA BROOKS; ETHEL BROOKS, dba Full Line Maintenance, dba Plumline Dining, Tots and Volunteer Temp, <br><br> Plaintiffs, <br><br> ISAAC BROOKS, Full Line Maintenance, dba Plumline Dining, dba Tots and Volunteer Temp, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WHIRLPOOL CORPORATION; MAYTAG CORPORATION; JANICE PAGE HOLLINGSWORTH; GARY HOLLINGSWORTH, <br><br> Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Isaac Brooks, a pro se Tennessee resident, appeals a district court judgment dismissing his civil action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.; negligent supervision; negligent retention; and breach of contract.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

No.  11-5902
- 2 -

In December 2004, Brooks, doing business as Temp Owned Temporary Service (TOTS), a Tennessee Corporation doing business in Madison County, Tennessee, entered into a service agreement with Maytag, which was later purchased by Whirlpool Corporation.  In 2010, Brooks, doing business as TOTS, filed a civil action against Whirlpool, Gary Hollingsworth, and Janice Hollingsworth (husband and wife).  Brooks alleged that from 1993 to 2008, he was forced to pay more than one million dollars to Gary Hollingsworth in kickbacks, which had been demanded by Janice Hollingsworth, who was a Whirlpool Human Resource Manager, in order to protect Brooks's business relationship.  Brooks's amended complaint alleged conspiracy and RICO violations by the Hollingsworths; negligent supervision and retention by Whirlpool; and breach of contract.

The defendants filed a motion to dismiss the complaint on res judicata grounds.  In 2008, "T.O.T.S., Inc." had filed a complaint against Whirlpool and Janice Hollingsworth in the Circuit Court of Madison County, Tennessee, alleging a breach of contract and sought to recover improper payments.  The state court dismissed the action finding that T.O.T.S., Inc. had its corporate charter revoked in 1998, prior to entering into the service agreement with Whirlpool in 2004.  As a result, T.O.T.S., Inc. could not state a claim for breach of contract because it was conducting business in violation of state law at the time the contract was allegedly formed.  The state court also denied a request to substitute Brooks as a "real party in interest."  T.O.T.S., Inc. appealed and the Tennessee Court of Appeals affirmed the trial court's decision.  *T.O.T.S. v. Whirlpool Corp.,* No. W2009-01855-COA-R3-CV, 2009 WL 4878585, at *4 (Tenn. Ct. App. Dec. 18, 2009).

Brooks filed a response to the defendants' motion to dismiss asserting that res judicata was not applicable to the case.  After consideration, the district court concluded that Brooks's federal complaint was barred by the doctrine of res judicata and dismissed the case.

The doctrine of res judicata includes two kinds of preclusion: "issue preclusion" and "claim preclusion."  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).  Issue preclusion is when a judgment forecloses "relitigation of a matter that has been litigated and

No. 11-5902
- 3 -

decided." *Id*. "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id*.

Under Tennessee law, a party asserting a res judicata defense "must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003). The district court's judgment is reviewed de novo. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

On appeal, Brooks challenges the district court's findings as to the second, third, and fourth prongs of Tennessee's four-part res judicata test. With respect to prong two, Brooks asserts that his state court suit was dismissed because T.O.T.S., Inc. lacked standing to bring the action. He asserts that a dismissal for lack of standing is a jurisdictional ruling and does not operate as a judgment "on the merits."

Brooks's argument on this point is unavailing because the state court's order granting the defendant's motion to dismiss, and dismissing the case with prejudice, stated that "the Court finds that the Plaintiff cannot state a cause of action for breach of contract," not that the case was being dismissed for lack of standing. Accordingly, the district court properly concluded that the state court's dismissal was an adjudication "on the merits" pursuant to state law. *See Dyer v. Intera Corp.*, 870 F.2d 1063, 1067 (6th Cir. 1989).

With respect to prong three, Brooks asserts that the state cause of action does not involve the same parties as the federal cause of action and that he is not a privy of T.O.T.S., Inc. "In the context of both res judicata and collateral estoppel, the concept of privity relates to the subject matter of the litigation." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (citations

No. 11-5902
- 4 -

omitted). "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *Id.* (citations omitted).

The district court did not err in concluding that Brooks was either the same party or a privy to the state cause of action. Brooks's own affidavit, filed in the state court action, avers that T.O.T.S., Inc. began as a corporation of which he was the original founder and that he continued to do business as the same entity once the corporate charter expired. Brooks's allegations as a sole proprietor of TOTS in the federal cause of action are the same allegations that he made on behalf of T.O.T.S., Inc. in the state cause of action. Therefore, Brooks is a privy to the subject matter of the state litigation.

Finally, with respect to prong four, Brooks asserts that the federal case is not the same cause of action as the state case because the federal case covers a different time frame, names Gary Hollingsworth as a defendant, and alleges a RICO violation. This argument is unavailing. Regarding the time frame, Brooks's federal action alleged no facts that occurred after February 2008, when he filed the state action. Regarding different claims and defendants, Brooks could have named Gary Hollingsworth as a defendant or asserted a RICO violation in his state court action, but failed to do so. Res judicata prohibits re-litigation of all claims that were actually litigated as well as claims that should have been litigated in a prior action. *See Kane*, 71 F.3d at 560.

The district court's judgment is affirmed.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 07, 2012

Issac Brooks
P.O. Box 11203
Jackson, TN 38308

Mr. Timothy K. Garrett
Bass, Berry & Sims
150 Third Avenue, S.
Suite 2800
Nashville, TN 37201

    Re:  Case No. 11-5902, *Natasha Brooks, et al v. Whirlpool Corporation, et al*
          Originating Case No. : 1:10-CV-1098

Dear Mr. Brooks and Counsel,

  The Court issued the enclosed (Order/Opinion) today in this case.

                                        Sincerely yours,

                                        s/Michelle M. Davis
                                        for Robin Duncan, Case Manager
                                        Direct Dial No. 513-564-7025

cc:  Mr. Thomas M. Gould

Enclosure

Mandate to issue